JEFFREY S. LANE AND DIANE A. LANE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lane v. Commissioner
Docket No. 19254-83.
United States Tax Court
T.C. Memo 1985-89; 1985 Tax Ct. Memo LEXIS 541; 49 T.C.M. (CCH) 837; T.C.M. (RIA) 85089; February 27, 1985. Patricia A. Golembiewski, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in income tax, and additions to tax, against petitioners for the calendar years and in the amounts as follows: Additions to tax
Years
Tax Deficiency
Sec. 6653(b) [1][2]
1977
$4,940
$2,470
1978
7,122
3,561
1979
7,162
3,531
*542 In their timely filed petition herein, petitioners purported to put all such determinations at issue, and, in addition, claimed overpayments of tax for the years in issue in the respective amounts of $2,009, $2,020 and $1,892. Petitioners further asked for an award of costs in their favor. In his answer to the petition filed herein, respondent affirmatively alleged numerous facts in support of his determinations of deficiency, and in support of his determination of additions to tax under section 6653(b). Respondent further denied petitioners' claimed overpayments of tax, and contested petitioners' claim for allowance of costs herein. Finally, respondent requested an award of damages in favor of the United States under section 6673. Thereafter, and as one of several attachments to a document entitled "Notice and Caveat" (treated as a motion to dismiss on jurisdictional grounds and denied by the Court), petitioners purported in general to deny any act of fraud, but failed to file a proper reply to the affirmative allegations of respondent's answer, as provided by Rule 37. Respondent then timely filed, under Rule 37(c) a motion for an order that the undenied allegations in his *543 answer be deemed admitted. Petitioners made no direct reply to this motion, except to file a further document with the Court, again contesting respondent's jurisdiction over them. After a hearing on respondent's motion, at which petitioners did not appear, respondent's motion was granted and the affirmative allegations of his answer were deemed admitted for the purposes of this case, pursuant to Rule 37(c). Respondent thereafter filed a motion for summary judgment herein, on the grounds that there were no remaining material facts in dispute with respect to any issue in the case. Said motion was set for argument at a trial session of the Court in San Francisco, California, to coincide with the previously scheduled trial of the case on the merits. At the argument of respondent's motion for summary judgment, petitioners did not appear in person or by counsel, but filed a document with the Court which was treated as a motion to dismiss, in which petitioners unilaterally purported to withdraw the entire case from consideration by the Court, denied the Court's jurisdiction, and threatened legal action against the Court, if the case was pursued. At the time their petition herein was *544 filed, petitioners were residents of Fair Oaks, California. As the result of the Court's order herein, deeming admitted the material allegations of fact as contained in respondent's answer, to which petitioners made no denial, [3] the following material facts are established for the purposes of this case: (1) Petitioners have conceded the correctness of all the adjustments to income set forth in respondent's statutory notice of deficiency, except with respect to the addition to tax for fraud. (2) During 1977, petitioners organized a chartered congregation of the Universal Life Church, Inc. of Modesto, California (hereinafter "ULC"). Two unrelated individuals, James McDonald and David LaBranch, also each organized a chartered congregation of the ULC. Said three congregations were unrelated to each other. All three congregations continued their operations during 1977, 1978 and 1979. Upon organizing their respective congregations, petitioners, McDonald and LaBranch each opened checking accounts in the names of their respective congregations and each had signature authority and *545 control over the bank accounts opened by them. During each of the years in issue, petitioners, McDonald and LaBranch engaged in a scheme of check exchanges, as follows: (a) Petitioners wrote checks on their personal checking account payable to the ULC congregation of McDonald. Upon receipt of the check from petitioners, McDonald deposited the checks into the checking account of his ULC congregation. Immediately thereafter, McDonald wrote a check on his congregation's checking account for an amount equal to the check from petitioners, and made the check payable to himself. This check was then deposited immediately into McDonald's personal checking account, and McDonald then wrote a check on his personal checking account for an amount equal to the check just deposited, payable to petitioners' ULC congregation. (b) Upon receipt of the check from McDonald, petitioners deposited it into their ULC congregation's checking account, and immediately thereafter wrote a check on the ULC checking account for an equal amount payable to themselves. Petitioners then deposited such check into their personal checking account and used the monies for their personal use. (c) There was no economic *546 substance to the check exchange scheme. (d) Petitioners followed the same pattern with LaBranch and his ULC congregation. (e) In both cases, petitioners claimed as deductible charitable contributions in their income tax returns for the years 1977, 1978 and 1979 the total amount of all checks written on their personal checking account and made payable to the McDonald and LaBranch ULC congregations, even though the same amounts were returned to them by way of the above-described check exchange scheme. (f) By participating in the above check exchange scheme, petitioners conspired with McDonald and LaBranch to conceal the true identity and nature of their transactions, and attempted to create the illusion of deductible charitable contributions, when in fact petitioners made no such deductible contributions to any charity. (3) As a result of the above-described activities, petitioners understated their taxable income for the taxable years 1977, 1978 and 1979 by $16,422, $21,852 and $23,045 respectively. Petitioners understated their income tax liabilities for said years by the respective amounts of $4,940, $7,122 and $7,162 respectively. (4) Said understatement of tax by petitioners *547 was due to fraud with the intent to evade tax on the part of each of them. On the basis of the above facts, the Court concludes that there remains no genuine issue as to any material fact with respect to the deficiencies or additions to tax in this case and that a decision may be rendered in favor of respondent as a matter of law. As to the additions to tax, respondent has shown by clear and convincing evidence that petitioners intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; ; ; ; Rule 121. We turn now to respondent's request for the award of damages in his favor under section 6673. [4]
*548 A review of the pleadings and the numerous subsequent motions filed by petitioners herein discloses that at no time did petitioners ever attempt to address the substantive merits of respondent's adjustments to their income or deductions, or respondent's determined additions to their tax. Instead, beginning with their petition herein, petitioners bombarded the Court and respondent with a host of frivolous, threadbare and meritless tax protester "issues," including, inter alia, (a) that neither respondent nor this Court had jurisdiction over their persons; (b) that respondent was required, under the Administrative Procedure Act, to establish such jurisdiction over them before he could proceed or that the Court could consider the case; (c) that Federal Reserve Notes were not legal tender; (d) that petitioners were entitled to a trial by jury; (e) that petitioners were not within the class of persons covered by the Federal income tax laws; and (f) that petitioners had the right unilaterally and voluntarily to withdraw their case from consideration by this Court, even after having filed a petition for a redetermination herein. All such issues have long since been determined adversely *549 to petitioners' claims, and no longer merit scholarly discussion. , affg. ; ; . In addition to their various motions, petitioners attempted to press the same meritless and frivolous arguments concerning respondent's failure to comply with various provisions of the Administrative Procedure Act through a request for admissions, served on respondent pursuant to Rule 90, which forced respondent to come to this Court and obtain a protective order under Rule 103. [5]
Upon consideration of the record as a whole, we think it is amply demonstrated that petitioners' various positions *550 herein are groundless and frivolous, and that the instant proceeding was brought primarily to delay the payment of taxes which petitioners knew were due and owing. The additional time and cost to both this Court and respondent in wading through and dealing with the lengthy and tendentious arguments advanced by petitioners are difficult to calculate, but represent a heavy burden on a Court which is already overburdened with meritless cases of this type. The result is a distinct disservice to honest taxpayers with legitimate issues, who are forced to wait in an increasingly long line to have their cases heard. Damages will be awarded in favor of the United States in the amount of $5,000. Finally, we deny petitioners' request for an award of costs. Not only was the claim for costs in their petition in violation of Rule 34(b), but it is clear that petitioners are not the prevailing party in this case, within the meaning of section 7430. To give effect to the above, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted. ↩
2. Respondent's statutory notice of deficiency did not determine additions to tax under sec. 6653(b) against petitioner Diane A. Lane. In his answer to the petition herein, however, respondent claimed such additions to tax against her.↩
3. All such facts are found and are incorporated herein by this reference. See sec. 7459(b).↩
4. As in effect for purposes of this case, sec. 6673 provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩
5. We have repeatedly held that the provisions of the Administrative Procedure Act do not apply to proceedings in this Court and that respondent's failure to observe them is not jurisdictional. , affd. without opinion ; .↩